UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ONYX & ROSE, LLC                                                                    PLAINTIFF

vs.                                                    CIVIL ACTION NO. 3:19-CV-489-CRS

T1 PAYMENTS, LLC                                                                    DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court on Defendant T1 Payments, LLC's ("T1 Payments") motion to dismiss or, in the alternative, motion to transfer an action brought by Plaintiff Onyx & Rose, LLC ("Onyx & Rose"). DN 6. Plaintiff filed a response. DN 9. Defendant filed a reply. DN 11. This matter is now ripe for adjudication. For the reasons below, the Court will deny dismissal and transfer this matter under 28 U.S.C. § 1404(a) to the United States District Court for the District of Nevada.

**I. Background**

Onyx & Rose is a limited liability company incorporated in Colorado and headquartered in Louisville, Kentucky that sells CBD oil and hemp oil products nationwide via its website. DN 1-2 at 4–5. T1 Payments is a global merchant processing company that provides credit card payment processing services to businesses that specialize in ecommerce. DN 6 at 2. On September 12, 2018, T1 Payments and Onyx & Rose entered into a card payment processing relationship governed in part by a Card Payment Processing Agreement ("CPPA").[1] DN 1-2 at 6. Section 30 of the CPPA states:

---

[1] Because the CPPA forms the basis of Onyx & Rose's complaint, the Court may consider it at the pleadings stage to decide whether to enforce the forum selection clause. *See Commercial Money Center, Inc. v. Illinois Union Ins. Co.*, 508 *Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007). Furthermore, even if the Court were limited in its ability to consider the CPPA regarding Defendant's motion to dismiss, there is no such limitation on the Court's discretion to consider the CPPA regarding Defendant's motion to transfer.

> **Choice of Law; Venue**. This Agreement shall be construed and enforced in accordance with the laws of the State of Nevada, without regard to its conflicts of law provisions, in the United States, and the exclusive venue for any action, dispute or proceeding with respect to this Agreement shall be in the state or federal district court of Clark County, Nevada, and each of the parties hereby consents, and expressly waives any objections, to jurisdiction and venue including the doctrine of *forum non conveniens*. The parties specifically waive the right to a jury trial in connection with any dispute arising out of this Agreement, or between the parties for any reason.

DN 6-1 at 9.

Onyx & Rose alleges that "almost immediately" after T1 began providing payment processing services on September 17, 2018, Tl Payments breached their contract "when certain Onyx & Rose's customers were unable to input credit card data to pay for their selected products." DN 1-2 at 6. Because of these alleged material breaches to its contract with T1, "on or about November 19, 2018, Onyx & Rose elected to cease using the services of T1 Payments and terminated the previously-breached" contract. *Id*. at 7. Onyx & Rose claims T1 retained and continues to retain control over $204,859.51 that rightfully belongs to Onyx & Rose. On June 4, 2019, Onyx & Rose filed suit against T1 Payments in Jefferson Circuit Court alleging (1) breach of contract, (2) conversion, and (3) unjust enrichment and/or replevin.

On July 3, 2019 T1 Payments removed this action to the Western District of Kentucky based on diversity jurisdiction. DN 5. On July 15, 2019, T1 Payments filed a motion to dismiss under the doctrine of *forum non conveniens* or, alternatively, to transfer venue to the United States District Court for the District of Nevada in accordance with the forum selection clause of the CPPA. DN 6.

**II. Validity of The CPPA's Forum Selection Clause**

Defendant argues that the Court should dismiss or transfer this case based on the CPPA's Forum Selection Clause. DN 6 at 1. Onyx & Rose responds that because T1 was the first party to

breach the CPPA, it cannot enforce any of its provisions, including the forum selection clause. DN 9 at 8. Onyx & Rose's argument is without merit.

Onyx & Rose relies upon Kentucky case law for the general proposition that the first party to materially breach a contract cannot enforce other provisions of that contract. DN 9 at 8. But state common law does not apply in assessing whether the venue selection clause should compel the Court to dismiss or transfer this case—federal law does. *See Wong v. PartyGaming, Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009) ("We therefore hold that in this diversity suit, the enforceability of the forum selection clause is governed by federal law."); *Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 63 (2013) ("The calculus [under *forum non conveniens* or the federal venue transfer statute] changes…when the parties' contract contains a valid forum-selection clause….").

Under controlling federal law, "[a] forum selection clause should be upheld absent a strong showing that it should be set aside." *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009) (citation omitted). Before enforcing a choice of venue clause, the Court must first determine its validity based on the following factors: (1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust. *Sec. Watch, Inc. v. Sentinel Sys., Inc.*, 176 F.3d 369, 375 (6th Cir. 1999). The party opposing the forum selection clause bears the burden of showing that the clause should not be enforced. *Shell v. R.W. Sturge, Ltd.*, 55 F.3d 1227, 1229 (6th Cir. 1995). Onyx & Rose has not born its burden.

First, Onyx & Rose fails to demonstrate that the venue selection clause was obtained by fraud, duress, or other unconscionable means. Onyx & Rose implies that the forum selection

clause was unfair by highlighting that the CPPA was a "form contract." DN 9 at 1. Onyx & Rose also argues that its bargain with T1 Payments was unequal because Onyx & Rose was a "small business" with one full-time employee while T1 Payments touted its "years of experience" and claimed to "own the entire payment cycle." *Id*. at 12. Even if the Court accepts Plaintiff's allegations as true, a form contract, even one where one bargained for by parties on unequal financial footing, does not rise to the level of "fraud, duress, or other unconscionable means" that would invalidate a forum selection clause. *See Carnival Cruise Lines v. Shute*, 499 U.S. 585, 587 (1991) (finding, in a lawsuit by a cruise line customer against a cruise line, that a forum selection clause printed on the back of the customer's ticket was valid); *Lyles v. RDP Co.*, 702 F. App'x 385, 401 (6th Cir. 2017) ("Unconscionability is a narrow exception that polices the excesses of certain parties who abuse their right to contract freely. It is directed against one-sided, oppressive and unfairly surprising contracts but not against the consequences *per se* of uneven bargaining power or even a simple old-fashioned bad bargain.") (brackets and quotations omitted).

Second, Onyx & Rose fails to demonstrate how a state or federal court within Nevada would ineffectively or unfairly handle the suit. Onyx & Rose argues that the case should not be transferred because Nevada "has authorized the Nevada State Board of Agriculture to '[r]estrict or prohibit the use or processing of industrial hemp for the creation, manufacture, sale or use of cannabidiol or any compound, salt, derivative, mixture or preparation of cannabidiol.'" DN 9 at 14 (citing NRS 557.080). This argument has no bearing in this case because Kentucky similarly empowers its Department of Agriculture to regulate the production and sale of hemp products. *See* KRS 260.858(3) ("It is unlawful for a person who does not hold a license issued by the department, or who is not an agent of a licensee, to cultivate, handle, process, or market living industrial hemp plants or viable seeds, leaf materials, or floral materials derived from industrial hemp.").

4

Furthermore, Plaintiff presents no evidence that its contract would be unenforceable in Nevada, but instead hints at what *might* happen if Nevada's State Board of Agriculture decides to restrict the sale of CBD in the future. This Court will not deal in such hypotheticals. In short, Onyx & Rose fails to demonstrate how a state or federal district court in Nevada would be any less effective or fair than a federal district court in the Western District of Kentucky.

Third, Onyx & Rose fails to demonstrate how requiring litigation take place in Nevada would be "unjust." Onyx & Rose argues that "the only states which are relevant or convenient to both parties are Kentucky and Florida." Whether Florida or Kentucky would be more convenient than Nevada does not meet the high bar necessary to invalidate the CPPA's forum selection clause. To justify invalidation of the CPPA's venue selection clause, Onyx & Rose must demonstrate that litigating in Nevada would be *more* than a "mere inconvenience." *Wong v. PartyGaming, Ltd.*, 589 F.3d 821, 829 (6th Cir. 2009). Plaintiff has failed to do so. Requiring the parties to litigate in Nevada, a four-hour nonstop flight from the Louisville airport, is inconvenient at best and certainly not "unjust." *See id*. (noting that while the plaintiffs were "not sophisticated business entities with the ability to negotiate the forum, and continuing the suit in Gibraltar would no doubt be an inconvenience," "plaintiffs ha[d] not carried their 'heavy burden' of showing that enforcing this forum selection clause would be unjust or unreasonable.").

Onyx & Rose fails to identify a single compelling reason to invalidate the forum selection clause. The Court finds that the forum selection clause is valid and, therefore, dismissal under the doctrine of *forum non conveniens* or transfer to the District of Nevada to enforce the forum selection clause is appropriate.

5

## II. *Forum non conveniens*

Defendant first motions for dismissal based on *forum non conveniens*. "The common-law doctrine of *forum non conveniens* 'has continuing application [in federal courts] only in cases where the alternative forum is abroad,' and perhaps in rare instances where a state or territorial court serves litigational convenience best." *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007) (italics and citations omitted). Because the venue selection clause of the CPPA designates "the state *or* federal district court of Clark County, Nevada" as the exclusive venue for any "action, dispute or proceeding with respect" to the agreement, this is not a case where the only alternative forum is abroad or in state court. DN 6-1 at 9 (emphasis added). Defendant also makes no argument why Nevada state court would better serve litigational convenience than the United States District Court for the District of Nevada. Therefore, this Court finds that dismissing this case on the basis of *forum non conveniens* would be inappropriate.

## III. *Transfer*

Alternatively, T1 Payments moves this Court to transfer the case to the United States District Court for the District of Nevada. DN 6 at 1. "For the federal court system, Congress has…provided for transfer, rather than dismissal, when a sister federal court is the more convenient place for trial of the action." *Sinochem*, 549 U.S. at 430. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "As the permissive language of the transfer statute suggests, district courts have 'broad discretion' to determine when party 'convenience' or 'the interest of justice' make a transfer appropriate." *Reese v. CNH Am. LLC*, 574 F.3d 315 (6th Cir. 2009).

Ordinarily, "[w]hen ruling on a motion to transfer under § 1404(a), a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systematic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir.). However, "[w]hen parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Atl. Marine*, 571 U.S. at 64.

Because the CPPA contained a valid forum selection clause, the private interest factors weigh entirely in favor of transfer, and Onyx & Rose's opposition to transfer must stand on public interest grounds alone. *See Id.* ("A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum."). Relevant public interest factors "may include 'the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trials of a diversity case in a forum that is at home with the law.'" *Id.* at fn 6. Onyx & Rose states that the public interest factors "which bear the greatest weight" are:

> (a) Kentucky's public interest (foremost in the nation) in fostering and protecting the Commonwealth' industrial hemp program and those businesses working under the same, behind which efforts Kentucky has placed obviously great attention, legislative care and administrative public investment; and (b) the very real risks that a transfer of this matter to Nevada, with its undeveloped industrial hemp infrastructure and its law questioning the propriety of Plaintiff's business, will raise unanticipated and un-bargained-for difficulties in Onyx & Rose's effort to recover the monies which T1 Payments wrongfully converted.

DN 9 at 17. Plaintiff's public interest arguments against transfer are without merit.

Onyx & Rose argues that the case should be decided in Kentucky because "Kentucky is the epicenter of the nation's burgeoning hemp industry." DN 9 at 13 (quoting Kentucky's Agricultural Commissioner, Ryan Quarles). Onyx & Rose also contrasts Kentucky's perceived

7

hemp leadership with Nevada, which "simply does not have the climate, soil or agricultural base to favor or to have experience with breadth of the industrial hemp marketplace." Neither of these arguments have any bearing on where this case should be tried because, at its core, this is not a hemp case. This is a breach of contract case against a Nevada corporation, and Kentucky's allegedly hemp-friendly climate makes no difference in its outcome.

Onyx & Rose has not carried its burden of demonstrating how public interest factors favor transfer at all, much less to the extent that it would overcome the presumption that the case should be tried in the venue identified in the CPPA. Onyx & Rose has not demonstrated any concern with court congestion in the District of Nevada, and the Court is unconvinced that Kentucky has a substantially greater interest in solving a "localized controversy" involving a Kentucky corporation than Nevada has in enforcing a contract to which a Nevada Corporation is party. Furthermore, in addition to identifying the venue for litigation, the CPPA also identifies Nevada law as controlling. DN 1-2 at 6 ("This Agreement shall be construed and enforced in accordance with the laws of the State of Nevada."). Because Nevada law will presumptively control claims arising out of this Contract, a court that is familiar with Nevada law is the most appropriate venue for litigation. Therefore, the Court will exercise its broad discretion under 28 U.S.C. § 1404 and sustain T1 Payment's motion to transfer the case to United States District Court for the District of Nevada.

## IV. Conclusion

For the reasons stated herein, a separate order will be entered this date in accordance with this opinion.

December 23, 2019

Charles R. Simpson III, Senior Judge
United States District Court